BAKER *v.* COMPTON ET AL.

[No. 30,628. Filed November 2, 1965.]

*William H. Tallman,* of Wabash, for appellant.

*Charles R. Tiede* and *Tiede and Magley,* of Wabash, for appellees.

LANDIS, J.—Appellees, who are husband and wife, initiated this proceeding by filing in the court below a petition for the adoption of Christina Lynn Baker, a minor child born out of wedlock to appellant. Attached to the petition was consent to said adoption signed by appellant in the presence of a notary public who acknowledged the same.

The issue upon this appeal involves a construction of Burns' § 3-120 (1946 Repl.).[1] The question was presented in the lower court by appellant's petition to set aside her consent to the adoption and to obtain custody of her minor child alleging appellant's consent was invalid because it was executed and acknowledged before a notary public rather than in the presence of a duly authorized agent of the state department of public welfare or approved adoption investigation agency.

The trial court held appellant's consent was valid within the Indiana statutes and granted appellee's petition for adoption. Appellant assigns as error the overruling of her motion for new trial.

---

1. Acts 1941, ch. 146, § 6, p. 438; 1943, ch. 40, § 5, p. 89.

The pertinent portions of Burns' § 3-120 (1946 Repl.), *supra,* here involved are as follows, viz:

"If such child have parent or parents living, he, she or they shall consent in writing to such adoption. * * * In all cases where consent of the parent or parents is required such consent shall be signed in the presence of a duly authorized agent of the state department of public welfare or of such approved investigating agency and so attested by such agent; or by notary public: * * * Such state department is hereby authorized to furnish to clerks of courts as aforesaid prescribed forms for use by parents or other persons when giving consent. * * *'' Acts 1941, ch. 146, § 6, p. 438; 1943, ch. 40, § 5, p. 89.

Appellant's argument in essence on the appeal is that Burns' § 3-120 (1946 Repl.), *supra,* sets out two procedural requirements for the valid consent from the parent or parents of the child to be adopted, viz: (1) the consent must be signed in the presence of a duly authorized agent of the state department of public welfare or of such approved investigating agency; (2) the consent must be attested to by such agent, or by a notary public.

Appellant however cites 1 I.L.E., Adoption, § 3, Note 30, with reference to the above quoted statute as follows:

"This statute authorizes the State Department of Public Welfare to furnish prescribed forms of consent, and it has issued SDPW Form 1332 for the use by a child of fourteen years or over, and SDPW Form 1331 for use by other persons. SDPW Form 1331 is to be executed in duplicate, one copy to be filed with the investigating agency and the other with the court. The instructions on this form state,

'Acknowledgment may be before a notary public or an employee of the State Department or an approved county department of public welfare who has been authorized to administer oaths.'

Where acknowledgment is before a notary public, there is no place on the form to indicate whether or not it was signed in the presence of a duly authorized agent of the State Department of Public Welfare or of an approved investigating agency. Some attorneys have these consents executed before a notary public in the absence of such

agents, and apparently this practice has not been challenged."

Appellee has urged that the administrative interpretation placed upon the statute as above indicated is contrary to appellant's contentions and should be of much significance in our construction of such legislation. Appellant has not denied that the administrative interpretation is contrary to her position.

We recognize the established authority that a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts. *Costanzo* v. *Tillinghast* (1932), 287 U. S. 341, 345, 53 S. Ct. 152, 154, 77 L. ed. 350, 353.

Although the interpretation placed upon the statute by an administrative agency of the state may not be binding upon this Court if the interpretation is incorrect, such interpretation as has been made and applied in a number of previous adoptions, is entitled to considerable weight, not only to insure the stability of adoption proceedings brought pursuant thereto for a number of years, but as evidence of the meaning of the statute to those charged by law and most concerned with its administration.

See: *State* v. *Griffin* (1948), 226 Ind. 279, 284, 79 N. E. 2d 537, 540.

Appellant has advanced no valid reason on this appeal why the administrative interpretation should not prevail and we must conclude no error has been demonstrated in the trial court's ruling holding the consent to be valid and granting the adoption.

Judgment affirmed.

Jackson, C. J., Myers and Arterburn, JJ., concur; Achor, J., not participating.

NOTE.—Reported in 211 N. E. 2d 162.