STATE BOARD OF TAX COMMISSIONERS ET AL. *v.*
WARNER PRESS, INC.

[No. 368A40. Filed June 23, 1969. Rehearing denied August 4, 1969. Transfer granted May 27, 1970. (No. 570S120. Court opinion approved as modified May 28, 1970.)]

*John J. Dillon,* Attorney General, *Lloyd C. Hutchinson* and *James B. Droege,* Deputies Attorney General, for appellants State Board of Tax Commissioners and its constituent members.

*Walter C. Dietzen,* County Attorney of Madison County, Anderson, for appellants Madison County Board of Review and its constitutent members.

*Philip S. Cooper,* Anderson, *James R. Stanley,* New Castle, and *Busby, Austin, Cooper & Farr,* of counsel, of Anderson, and *Scotten & Hinshaw,* of counsel, of New Castle, for appellee.

PFAFF, C.J.—Originally, the appellee, as plaintiff, brought this action in the Madison Superior Court seeking to have an order of the State Board of Tax Commissioners set aside. Said order denied appellee's tax exemption for the year 1964 on certain real property, improvements and personal property owned by the appellee. This order upheld a prior order of the Madison County Board of Review, which also denied the tax exemption.

On September 28, 1967, after change of venue, the Henry Circuit Court rendered findings of fact and conclusions of law thereon to the effect that the appellee was entitled to have its real and personal property, as listed on its 1964 tax exemption application, exempt from taxation to the full extent claimed by the application.

The original order of the State Board of Tax Commissioners stated that even though appellee's printing plant operation consisted of the publication of religious materials, the existence of appellee's wholly-owned for-profit subsidiary corporation, the existence of a retail store which sold religious articles and texts, and the leasing of unimproved property for athletic

and agricultural uses constituted operations inconsistent with the exclusive property use requirements for religious, charitable or educational purposes within the meaning of Acts 1919, ch. 59, § 5, p. 198, as last amended by Acts 1967, ch. 347, § 1, p. 1311, § 64-201, Burns' 1968 Cum. Supp., and Acts 1919, ch. 59, § 6, p. 198, § 64-202, Burns' 1961 Repl., the Indiana property tax exemption statutes.

The issues before the Henry Circuit Court were whether the denial of the exemption was arbitrary and capricious and, further, whether the State Board of Tax Commissioners could deny the appellee's exemption for 1964 when the Madison County Board of Review since 1952 had consistently granted appellee the same exemption for all real property and improvements, and to the extent of forty percent of personal property, to which exemption the appellants had acquiesced from 1952 through 1963. In stating its conclusions of law the Henry Circuit Court concluded that the appellee was entitled to its claimed exemption and that appellants' denial of the exemption was improper. Said conclusions of law are as follows:

"1. That the buildings housing the printing plant, facilities, operations, offices, and retail store of Warner Press, Inc., and the real estate upon which the same are situated, and the personal property belonging to plaintiff, Warner Press, Inc., and by it sought to be exempted from taxation for the year 1964, are used and set apart for religious purposes and are owned and actually occupied by said plaintiff, and that said property sought to be exempted from taxation, including both real and personal property, is owned, occupied, and used by plaintiff for the direct, immediate, and primary purpose of promoting religion, charity, and education, and that the income derived from the use of such property, both real and personal, is used by the plaintiff for religious, charitable, and educational purposes, and, therefore, that said property, both real and personal, is exempt from taxation, and that the claim for tax exemption for said property for the year 1964, filed by plaintiff, should be granted.

"2. That the Mission Building and Lots 1, 2, 3, 4, and 5 of Achor's Subdivision, and the approximately two (2) acres of ground upon which the Mission Building is situ-

ated, a cement block building actually owned by Anderson College, and a small tract used as a cemetery, as set out in special finding of fact number 2, are all owned, used, and occupied by plaintiff for exempt purposes, and are exempt from taxation, and plaintiff's claim for exemption from taxation for said property for 1964 was allowed, and should have been allowed by the State Tax Board of Tax Commissioners.

"3. That the agreement entered into about the year 1952 between the plaintiff, Warner Press, Inc., and the assessing authorities of Madison County, Indiana, and the Madison County Board of Review, and concurred in by the State Board of Tax Commissioners, wherein all of the real estate, including both land and improvements, and forty percent (40%) of plaintiff's personal property was granted an exemption from property taxes, which was acquiesced in by such authorities, and such exemptions granted thereunder from the inception of such agreement through the year 1963, constitutes an administrative interpretation of the exemption statutes of long standing. That such administrative interpretation of the exemption statutes of the State of Indiana, as applied to plaintiff's said real and personal property, is controlling and binding upon the parties, and that by reason thereof, the claim of the plaintiff, Warner Press, Inc., for tax exemption for its real and personal property for the year 1964, should be allowed to the full extent claimed.

"4. That the 1963 amendments to the tax exemption statutes, being Acts of 1963, ch. 333, Sec. 1a, and Burns' Indiana Statutes, 1966 Supp., Sec. 64-502, effective January 1, 1964, which provided that all previously granted exemptions expired on December 31, 1963, and required the filing of annual applications for exemption thereafter, constitutes merely a procedural change in the method of claiming exemptions, and does not in any way affect the exemption statutes, or make any substantive changes in the exemption laws. That the previous administrative interpretation of the exemption statutes of Indiana as applied to plaintiff's real and personal property by the Madison County assessing authorities, Madison County Board of Review, and State Board of Tax Commissioners, was not nullified or affected by said amendment.

"5. That the use of the property of plaintiff for gain through the subsidiary Commercial Service Company, amounting to seven percent (7%) of plaintiff's gross volume of business, is an occasional use, incidental to plaintiff's

main and primary purpose, and does not deprive plaintiff of the right to tax exemption of its property as sought in plaintiff's application for exemption for the year 1964.

"6. That the plaintiff, Warner Press, Inc., is entitled to the exemption from taxation for the year 1964 on both the real and personal property sought by it in the application filed by plaintiff with the Auditor of Madison County on May 11, 1964, to the full extent claimed by plaintiff in said application.

"7. That the action of the defendants, Madison County Board of Review and State Board of Tax Commissioners, and each of them in denying exemption from taxation for the year 1964 to all items listed on plaintiff's application for exemption, to the full extent claim (sic), was arbitrary and capricious, and constituted an abuse of discretion.

"8. That the law is with the plaintiff, Warner Press, Inc."

Appellants' motion for new trial alleged that the trial court erred in its conclusions of law.

The evidence may be briefly summarized as follows:

One-third of the total acreage owned by appellee is unimproved and is used as a parking lot for one week during the annual convention of the Church of God, and throughout the remainder of the year is used for agricultural purposes. One-third of the acreage is unimproved and is leased to Anderson College for $100.00 per annum for use as an athletic field. One-third of the acreage is improved and is used as the site upon which the Mission Building and the plant facilities of appellee are located. Appellants denied the exemption on the acreage used as farm land except for the one week when used for convention parking, and also denied the exemption of the athletic field leased to Anderson College. Appellants further denied the exemption as to the property on which appellee's printing plant is located, consisting of parking lots, plant facilities and buildings, and upon all of appellee's personal property. Appellee's plant buildings house complete printing facilities and a retail store in which is sold appellee's products, as well as those of other manufacturers. The facilities

are used to produce religious texts and materials, greeting cards, and for some commercial printing which is done by Commercial Service, Inc., a separate, for-profit, wholly-owned subsidiary corporation which leases space from appellee, and which enjoys the use of all of appellee's facilities and whose gross sales equal seven percent of the total gross sales of appellee. Appellee sells its products to other church publishing houses, religious bookstores, and directly to consumers through retail stores, mail order catalogs, and at Church of God conventions. Appellee also publishes periodicals and quarterlies for Sunday schools and does job printing for churches and church agencies. Less than one percent of appellee's products are gifts, whereas two-thirds of the printed religious materials produced are sold at a price which exceeds production costs. Within the production facilities, appellee maintains a retail store which is open to the public and which sells religious publications produced by appellee and other manufacturers. Projectors, cameras and religious gifts manufactured by other companies are also marketed in this retail store. In addition to retail sales, appellee's extensive mail order business sells appellee's products as well as those manufactured by other business concerns. Appellee's total sales consist of articles which are predominately religious in character, and of these ninety percent of the articles sold are manufactured by appellee or other independent businesses. In 1964 the consolidated sales of appellee and its subsidiary were $4,588,489.00. Net income before church service expenditures amounted to $178,393.00. Contributions, allowances and expenses incurred by appellee in connection with the promotion of the work of the Church of God amounted to $70,-571.00. Also, in 1964 appellee donated merchandise to churches without charge and said merchandise had a retail value of $38,828.00. In 1952 appellee and the assessing authorities of Madison County, and the Madison County Board of Review, entered into an agreement, to which the appellants acquiesced, by which all of the land and improvements of the appellee, and

forty percent of appellee's personal property, was to be exempt from property tax. This agreement was in effect from 1952 through and including 1963, and there had been no change in ownership, occupancy, use, or proceeds derived therefrom, during those years and during the taxable year 1964.

This summary, in effect, consists of a summary of the pertinent finding of facts of the Henry Circuit Court, and which this court is bound to follow in deciding the questions propounded in this appeal.

There are three Indiana decisions which govern the issue of this appeal, and while none of them is singularly dispositive of the question before this court, the rationale of these three opinions, when construed together, prompts our decision in affirmance of that reached in the Henry Circuit Court. These three decisions are: *State Board of Tax Comm.* v. *Indianapolis Lodge* (1964), 245 Ind. 614, 200 N. E. 2d 221; *State Board of Tax Commissioners* v. *Wright* (1966), 139 Ind. App. 370, 215 N. E. 2d 57, 217 N. E. 2d 596; *State Board of Tax Com'rs.* v. *Methodist Home for Aged* (1969), 143 Ind. App. 419, 241 N. E. 2d 84 (Transfer denied).

The recent decision in the case of *State Board of Tax Com'rs.* v. *Methodist Home for Aged, supra,* emphasized the liberal approach necessary to a proper construction of the Fifth Clause of § 64-201, Burns' Ind. Stat. Anno. (1961 Repl.). The court stated at page 86 of 241 N. E. 2d:

> "Article 10, § 1, of the Constitution of Indiana, at the time in question, provided as follows:
>
> " 'The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specifically exempted by law.' "

This Article has been amended. However, these amendments in no way affect the issues to be decided in this case.

"Acting under the above constitutional provision, the General Assembly has enacted laws granting exemptions in certain instances. Among these exemptions are those set out in the Fifth Clause of § 64-201, Burns' Ind. Stat. Anno. (1961 Repl.), which reads as follows:

" 'Fifth. Every building, or part thereof, used and set apart for educational, literary, scientific, religious or charitable purposes by any institution or by any individual or individuals, association or incorporation, provided the same is owned and actually occupied by the institution, individual, association or incorporation using it for such purpose or purposes, and every building owned and occupied, used and set apart for educational, literary, scientific, fraternal or charitable purposes by any town, township, city or county, and the tract of land on which such building is situate, including the campus and athletic grounds of any education[al] institution not exceeding fifty (50) acres; also the lands purchased with the bona fide intention of erecting buildings for such use thereon, not exceeding forty (40) acres; also the personal property endowment funds, and interest thereon, belonging to any such institution or any town, township, city or county and connected with, used or set apart for any of the purposes aforesaid.'

"In *Stark* v. *Kreyling* (1934), 207 Ind. 128, 188 N. E. 680, the Supreme Court of Indiana, said at pages 132 and 133:

" 'No class of property is exempt from taxation unless it is "specially exempted by law"; and only property used for "municipal, education, literary, scientific or charitable purposes" can be specially exempted by law. (Art. X, Sec. 1, Indiana Constitution.) And although the General Assembly, by appropriate legislative enactment may specially exempt a class of property, subject to constitutional limitations, it can not confer upon any particular piece of property an indelible imprint of nontaxability; and when the facts which bring a particular item of property within an exempted class cease to exist, the particular piece of property necessarily loses its exemption character. The foregoing is recognized by § 6 of the 1919 tax law (Acts 1919, ch. 59, etc. § 14038, Burns 1926, § 64-203, Burns 1933, § 15523, Baldwin's 1934) which is merely a legisaltive declaration of impotency of the General Assembly to specially exempt from taxation any property which is not devoted to a municipal, educational, literary, scientific, or charitable purpose.'

> *"Thus, it became apparent that the General Assembly, in enacting the Fifth Clause in § 64-201, supra, was attempting to exercise its constitutional powers to the fullest extent in granting an exemption to all real estate and improvements thereon used and set apart for educational, literary, scientific, religious or charitable purposes as those terms are used in Article 10, § 1, of the Constitution of Indiana. Thus, in determining whether the appellee's property was used and set apart for charitable purposes, we are dealing with the word 'charitable' in its broad constitutional sense. For this reason, cases from other jurisdictions construing language in specific exemption statutes are not directly in point, nor are cases construing the constitutional provisions for exemptions, unless the language used in the other constitutions is substantially similar to that used in our Constitution."* (Emphasis supplied.)

Therefore, we are directed to determine if appellee's activities conform to the broad definition of "religious" as used in the statute and interpreted by subsequent decisions.

Appellee could correctly claim that its activities meet three of the statutory requirements, namely: religious, educational and charitable. However, when these terms are defined in their broadest sense, there would seem to be no end to the number of organizations that could slide beneath the outer limits of so broad a definition into the cherished state of exemption. We do not know the ultimate boundaries of exemption under this definition and shall consider each individual case in the light of prior judicial interpretations as we have done in this instance. We shall, however, indulge in the belief that average citizens who religiously tender semi-annual property tax payments would conclude, on the facts of this case, that Warner Press was well without the nebulous sanctuary of exemption, notwithstanding any statute or decision. At first impression, we would agree, but in being subservient to established judicial interpretation, we conclude that Warner Press has not, as yet, attained the very respectable position of an entity which is subject to property taxation. However, this is not to say that appellee's services and functions are

without merit because they are undoubtedly both beneficial and meritorious. We do, however, conclude that the appellee has tested its exempt status to the utmost and, therefore, scarcely remains within even the most lenient interpretation of the Fifth Clause of § 64-201, *supra*.

We substantiate our timid affirmance upon the belief that the appellee meets the liberal requirements of use, occupancy, ownership and application of proceeds necessary to the status of exemption as prescribed by the case of *State Board of Tax Comm.* v. *Indianapolis Lodge, supra*. Appellee, in the operation of its printing facility, promotes religion and charity. Its membership is composed of individuals in good standing in the Church of God who are elected by the Ministerial Assembly of said Church. Appellee sells articles for profit, at below cost, and makes free product donations, and all articles produced or dispersed are predominately religious in character or may be used in the promotion of religious and charitable activities. Appellee manufactures its products in its printing facility and also purchases products from other business concerns. The printing plant occupies approximately one-third of the appellee's acreage, and the other two-thirds are used, respectively, for an athletic facility and for agricultural purposes. Appellee also owns a for-profit corporation which does commercial printing, which consists of seven percent of appellee's consolidated gross sales. Appellee retains its net income and all of appellee's activities are consistent with its stated purposes. The property used as an athletic facility is leased by Anderson College for the nominal sum of $100.00 per annum, while the property used for agricultural purposes is used as a parking facility for church conventions. These parcels are exempt because these two unimproved parcels, while used to return some income with which appellee can reduce expenses, are used primarily in the operation and promotion of religion and charity which is consistent with the principles stated in *State Board of Tax Comm.* v. *Indianapolis Lodge,*

*supra.* Exemption of these parcels may also be justified by the opinion in *State Board of Tax Commissioners* v. *Wright, supra.*

The *Wright* case, *supra,* is also dispositive of any error charged with respect to conclusions of law numbered 3 and 4. In discussing the consequences of a prior administrative interpretation, the court stated at 215 N. E. 2d 57, 61:

> "We also find some light from the admitted fact that heretofore no question has been raised and the 104 cabins have been understood to be exempt or treated as exempt from property tax. This, of course, gives rise to the premise that the legislature knew how the exemption statutes were being construed and enforced, and was satisfied with the interpretation and the results. A long adhered to administrative interpretation dating from legislative enactment with no subsequent change having been made in the statute involved, raises the presumption of legislative acquiesence which is strongly persuasive upon courts. *Baker* v. *Compton* (1965), 247 Ind. 39, 211 N. E. 2d 162, 164."

This court denied appellant's petition for rehearing and therein further stated at 217 N. E. 2d 596, 597:

> "As to the principle that a long adhered to administrative interpretation may raise a presumption of legislative acquiesence, appellant seems to interpret this erroneously as a comment on appellant Board's action or lack of action in the past. As a part of that argument, appellant points out that there was no evidence that the State Board of Tax Commissioners ever had knowledge of and acquiesced in a decision by local assessing officials or county boards of review that such subject property had been ruled by such local officials or local boards to be exempt from taxation. Appellant's assertion is correct as to the evidence. But, administrative interpretation is not limited to interpretation by appellant board. The interpretation referred to is the interpretation of all administrative agencies. Under the legal fiction mentioned in *Baker* v. *Compton* (1965), 247 Ind. 39, 211 N. E. 2d 162, 164, it is assumed that the legislature knows how local assessing officials and county boards of review had interpreted the exemption statutes, and it is assumed that the legislature was satisfied with the interpretation and the results thereof. Enforcement of tax laws and application

of exemption statutes are not intended to be only the obligation of the State Tax Board."

For the foregoing reasons, the judgment of the Henry Circuit Court is hereby affirmed. The costs of this appeal are to be assessed against appellants.

Hoffman and Sharp, JJ., concur; White, J., not participating.

NOTE.—Reported in 248 N. E. 2d 405.