WHIRLPOOL CORPORATION *v.* STATE BOARD OF TAX COMMISSIONERS OF THE STATE OF INDIANA.

[No. 1-175A8. Filed December 11, 1975. Rehearing denied January 13, 1976. Transfer denied June 29, 1976.]

*Harry P. Dees; Alan N. Shovers, Kahn, Dees, Donovan & Kahn,* of counsel, of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellees.

LYBROOK, J.—Plaintiff-appellant Whirlpool Corporation appeals from a judgment upholding a business personal property tax assessment made by defendant-appellee State Board of Tax Commissioners (Board). Although several issues are presented, those dispositive of this appeal are:

(1) Whether the statute of limitations barred the Board's reassessment.

(2) Whether the doctrine of legislative acquiescence estopped Board from denying Whirlpool an exemption.

The facts are undisputed and reveal that on June 15, 1969, Whirlpool filed its 1969 business personal property tax return. The return reported business property located in Center, Pigeon, and Knight townships of Vanderburgh County in the assessed values of $4,348,370.00; $5,346,680.00; and $45,900.00 respectively, for a total of $9,740,950.00.

Thereafter, on June 17, 1970, Board gave notice to Whirlpool that it would review Whirlpool's 1969 return as to the assessment of business personal property located in Vanderburgh County. The notice indicated that the review was to be held on July 14, 1970. On that day, one William Lowe, an auditor of Board, began an examination of Whirlpool's books and records pertinent to the business personal property return. This examination, which Lowe, on advice of counsel, termed a "hearing", was conducted on a day-to-day basis until October 12, 1970, when Lowe filed his report with Board. The report, which was adopted by Board, assessed Whirlpool's business personal property located in Vanderburgh County at a valuation of $19,483,650.00, or about 10 million dollars more than that which Whirlpool had indicated on its return. This difference is due to an exemption taken by Whirlpool for various appliances which had been manufactured, boxed, and stored in a warehouse for the purpose of transshipment to an out-of-state destination. Whirlpool maintained that pursuant to IC 1971, 6-1-24-5 (Burns Code Ed.), the appliances were exempt from taxation. This exemption was disallowed by Lowe.

On October 13, 1970, Board issued a notice of assessment to Whirlpool advising that Board had determined the total assessed value of Whirlpool's business personal property in Vanderburgh County to be $19,483,650.00. Thereafter, pursuant to Whirlpool's request, a hearing was granted before

the Board for purposes of reviewing the assessment. The hearing was held in Indianapolis on November 5, 1970, and Whirlpool presented objections to the Board's proposed increase in the assessed value of its business personal property. Thereafter on November 9, 1970, Board issued notice to Whirlpool denying its request to have the above-discussed exemption allowed but, nevertheless, allowing at least one of Whirlpool's other disputes with the October 13 assessment.[1]

Thereafter, Whirlpool filed an action in the Vanderburgh Circuit Court seeking to have the Board's determination set aside for several reasons. From an adverse ruling thereon, Whirlpool brings this appeal.

## I.

The primary issue is whether the statute of limitations barred Board's final determination herein. Several questions are raised in this issue, the first concerning which statute of limitations is applicable. Whirlpool maintains that IC 1971, 6-1-31-10 (Burns Code Ed.) is controlling and imposes upon Board a 16-month period in which to issue a final determination of assessment of business personal property. It provides:

> "6-1-31-10 [64-1009]. *Changing of assessments without notice prohibited.*—Notwithstanding any other provision of this act [6-1-20-1—6-1-39-13], no assessing official or board may change the assessment made in respect to a personal property return which has been filed in substantial compliance with the provisions of this act and the regulations duly adopted by the state board of tax commissioners as required by law, unless such assessing official or board shall have taken such action and shall have given notice thereof as required by section 413 [6-1-23-13] within the following time limitations:

> "(3) Any such change in assessment by the state board of tax commissioners, including the final determination on

---

1. Although the exemption ruling on the goods boxed and stored in a warehouse was not changed, the November 9 ruling did adjust Lowe's recommendation on Whirlpool's claim for obsolete material in favor of Whirlpool.

review of an assessment made by a county board of review pursuant to section 1201 [6-1-31-1], shall be made and the notice thereof given not later than the first day of October of the year immediately following the year for which such assessment is made or not later than sixteen [16] months from the date such personal property return was filed if the return was filed after May 15 of the tax year.

"Upon the failure of any such assessing official or board to take action and give notice thereof within the time prescribed by this section, the assessment for the taxpayer shall be final in an amount equal to the assessment last duly claimed by the taxpayer in respect to such personal property return."

On the other hand, Board maintains that the 3-year statute of limitations of IC 1971, 6-1-30-2 (Burns Code Ed.) is controlling. It provides:

"6-1-30-2 [64-902]. *Limitations on power to increase assessment or add property to list—Personal property.*—In the case of personal property the following limitations to the power of any official to increase the assessed valuation of undervalued or to assess omitted property under section 1101 [6-1-30-1] shall be applicable. Where a taxpayer has filed a return for a particular year as required by this act [6-1-20-1—6-1-39-13], no property or value shall be added with respect to the year covered by said return unless the notice required by section 1101 [6-1-30-1] is given within the three [3] years immediately following the date on which said return is filed; . . ."

Since this case does not concern the assessed valuation of undervalued or omitted property, and since Whirlpool's return was in substantial compliance with the Act, we find the 3-year limitation of IC 1971, 6-1-30-2, *supra,* to be inapplicable. Therefore, the 16-month limitation of IC 1971, 6-1-31-10, *supra,* controls, making it imperative that Board take final action on Whirlpool's assessment on or before October 15, 1970. Unless this was done, "the assessment for the taxpayer shall be final in an amount equal to the assessment last duly claimed by the taxpayer in respect to such personal property return."

Helpful to our determination that the appropriate statute of limitations is IC 1971, 6-1-31-10, *supra,* is the following regulation adopted by Board:

"(64-602)-76. *Statute of limitations.*—A. In general, any change in assessment by the state board, including the final determination of the review of assessment made by the county board of review, must be made and the notice of the assessment sent not later than October 1 of the year following the year of the assessment or not later than 16 months from the date the personal property tax return was filed, if the return was filed after May 15 of the tax year. This general statute of limitations does not apply in the following circumstances:

(1) When the taxpayer has petitioned for a correction of error if a statutory basis for the correction of error exists. However, there is a 3-year limitation on claiming a refund of tax as provided in section 1.16 [Rule (64-602)-77] of these regulations.

(2) When a taxpayer has not filed a property tax return in substantial compliance with the provisions of this regulation; however, a 10-year limitation on the filing of an action or proceeding to enforce the collection of tax applies as provided in Burns' 64-2059.

(3) When the taxpayer is required to file a tax return as provided by law and this regulation and fails to file a return." Ind. Ann. Administrative Rules and Regulations, § 64-602-76 (Burns 1975 Supp.).

Additionally, IC 1971, 6-1-31-15 (Burns Code Ed.) resolves any conflict between IC 1971, 6-1-31-10, *supra,* and IC 1971, 6-1-30-2, *supra,* in favor of IC 1971, 6-1-31-10, *supra.*

"6-1-31-15 [64-1014]. *Time for assessment or change of assessment not extended.*—Nothing contained in sections 1209, 1210, 1211, 1212 and 1213 [6-1-31-10—6-1-31-14] shall be construed to extend the period within which an assessment or change of assessment might be made as otherwise provided in this act [6-1-20-1—6-1-39-13] and wherever a shorter period of time for action and notice is provided elsewhere in this act such provisions shall control. In the event of any conflict with the other provisions of this act, the provisions of sections 1209, 1210, 1211, 1212 and 1213 shall be deemed controlling and conclusive."[2]

2. § 1209 is IC 1971, 6-1-31-10, *supra.*

Having resolved that the 16-month limitation of IC 1971, 6-1-31-10, *supra*, is controlling, the next question under this issue is whether Board complied with that statute by making its final determination and giving notice thereof prior to October 15, 1970. Board urges that its final determination in this matter was made on October 13, 1970, when it adopted Lowe's findings and recommendations and issued notice thereof to Whirlpool. Whirlpool, however, argues that final determination by Board was not made until it issued its assessment on November 9, 1970, following a hearing on November 5, 1970.

Resolution of this dispute begins with our acknowledgment that both Board and Whirlpool agree that Whirlpool was entitled to a hearing on the proposed reassessment prior to Board's final determination.[3] It is at this juncture, however, that agreement between the parties ceases. Board maintains that the investigation and audit conducted by Lowe on a day-to-day basis for nearly three months was a hearing. Whirlpool, however, asserts that the hearing before the Board on November 5, 1970, was the only hearing conducted.

While there is no specific statutory definition of a hearing for purposes of assessment or reassessment of business personal property, we do not agree with Board that an investigation, which Board admits was "essentially an audit of Taxpayer's [Whirlpool's] records and procedures" spanning nearly three months constitutes a hearing.

Due process requires that a hearing must encompass more than a mere audit or a three month investigation. In *State Board of Tax Commissioners* v. *Oliverius* (1973), 156 Ind. App. 46, 294 N.E.2d 646, it was recognized that minimal due process in an administrative hearing requires that a party be provided an opportunity to meet and rebut adverse evidence or to cross-examine adverse witnesses. In the case at bar, the record reveals that this oppor-

3. *See*, IC 1971, 6-1-29-9 (Burns Code Ed.).

tunity was not accorded Whirlpool, if at all, until November 5, 1970, twenty-one days after the running of the statute of limitations. We therefore hold that Board did not conduct a hearing on the proposed reassessment of Whirlpool's business personal property within the statutory period.

Moreover, we do not agree with Board that its adoption of Lowe's recommendations and findings on October 13 was its *final* assessment of Whirlpool's business personal property. If this action by Board was its final determination of the dispute, there was no reason for conducting a hearing on November 5 or making an amended final determination on November 9, 1970. Indeed, under its own regulations, Board will not conduct an additional hearing to review the assessment recommended by the hearing officer unless the taxpayer requests such a hearing *prior to the determination of the final assessment:*

> *"Establishment of assessment by the state board.*—The report, proposed assessment and related information shall be considered by the state board in determining the assessment of the taxpayer.
>
> "A. Petition. If the taxpayer does not agree with the assessment recommended by the hearing officer, he may, after the completion of the hearing and review, petition the state board to consider additional information, *provided that the petition is made prior to the determination of the final assessment.*
>
> "B. Additional Hearing. The state board may hold an additional hearing(s) in its Indianapolis office at its discretion provided that the taxpayer has properly filed a petition and the state board determines that the taxpayer's facts and circumstances warrant such a hearing. * * *" (Emphasis added). Ind. Ann. Administrative Rules and Regulations, § 64-602-74 (Burns 1975 Supp.).

In the case at bar, Whirlpool's request for a hearing to review the October 13 assessment was made on October 26, 1970, thirteen days after Board allegedly made its final assessment. By granting Whirlpool's request for the hearing, Board, in our opinion, clearly indicated that it had not yet reached a final decision on the assessment.

Further, the record conclusively discloses that it was not until November 9, 1970, that Board issued its final determination in this matter. It was from that determination which Whirlpool appealed to the Vanderburgh Circuit Court pursuant to IC 1971, 6-1-31-4 (Burns Code Ed.). Therefore, pursuant to IC 1971, 6-1-31-10, *supra*, Board's action in regards to assessment of Whirlpool's business personal property was of no force or effect, and Whirlpool's assessment should be final in an amount equal to the assessment last duly claimed by Whirlpool. The trial court erred in not so finding.

## II.

Although, for reasons stated, reversible error exists under the first issue, we feel compelled to address a second issue raised by Whirlpool, that being whether Board was estopped to deny Whirlpool the exemption claimed by the doctrine of legislative acquiescence.

The following additional facts are pertinent to this issue.

On each of its business personal property tax returns since at least 1962, and probably prior to that, Whirlpool has claimed certain property placed in warehouses as exempt, maintaining that it was in interstate commerce. In 1965, the Legislature amended the applicable statutory provision to read as follows:

"6-1-24-5. *Exemption of property in warehouse for interstate transshipment.*—Personal property of nonresidents of the state shipped into this state and placed in the original package in a public or private warehouse for the purpose of transshipment to an out-of-state or within-the-state destination and so designated on the original bill of lading, or personal property of residents or nonresidents of the state placed in the original package in a public or private warehouse for the purpose of transshipment to an out-of-state destination and so designated on the original bill of lading, shall not, while so in the original package in such warehouse, be subject to tax imposed by this act [6-1-20-1— 6-1-39-13]. In construing this section, goods, wares and merchandise shall be exempt only to the extent that they

are exempt from ad valorem taxes under the commerce clause [Art. 1, § 10, cl. 3] of the Constitution of the United States." IC 1971, 6-1-24-5 (Burns Code Ed.).

Between the 1965 amendment and the repeal of this section in 1975 it was not amended.

Relying on this statute and its predecessor, Whirlpool since at least 1962 has claimed that its finished goods, boxed and stored in warehouses for purpose of transshipment to out-of-state destinations were exempt. Such exemption was never questioned by Board under the predecessor statute to IC 1971, 6-1-24-5, *supra*. Then, in 1965, Board, under the new amendment to the statute, challenged the claimed exemption. Following a series of hearings and meetings, Board ruled that Whirlpool was entitled to the exemption. Thereafter, in 1966, 1967, and 1968, Whirlpool claimed the exemption of IC 1971, 6-1-24-5, *supra,* without incident. Then in 1969, despite the fact that the statutory language had not been altered, Board once again challenged Whirlpool's attempt to claim the exemption. It is this challenge which is the subject of this appeal. Since 1969, Whirlpool in 1970 and 1971 claimed the exemption and went unchallenged by Board.

It is Whirlpool's contention that Board, by its actions in 1965, 1966, 1967, and 1968 has acquiesced in the exemption and was therefore estopped to deny it in 1969. Such contention is not without merit.

In *Baker* v. *Compton* (1965), 247 Ind. 39, 211 N.E.2d 162, the Supreme Court of Indiana discussed a doctrine of legislative acquiescence in administrative interpretation of a legislative enactment and its effect upon the courts of this state. Briefly stated, this legal fiction, which has subsequently been followed in several cases, is that where an administrative agency, such as the Board of Tax Commissioners, issues an interpretation of a *statute or provisions* thereof, and the legislature thereafter does not alter, amend, or change the statute or provision in question, a presumption of legislative acquiescence in the administrative interpretation

arises and such presumption is strongly persuasive upon the courts in dealing with a dispute over the statute or provision in question.

In *State Board of Tax Commissioners* v. *Warner Press, Inc.* (1969), 145 Ind. App. 20, 248 N.E.2d 405, the rule of *Baker* v. *Compton* was applied in a situation analogous to that in the case at bar. In *Warner Press*, Warner sought to have set aside an order of Board which denied Warner an exemption from business personal property taxation. The issue raised concerned the propriety of the denial when Warner had been granted the exemption sought from 1952 to 1963 and when the applicable statutory provisions had not been materially altered. Relying in part on the doctrine of *Baker* v. *Compton,* the Appellate Court, through Chief Judge Pfaff, upheld the trial court's conclusion that Board's prior acquiescence in Warner's exemption was controlling and binding and that since the statute had not been materially altered, Warner was entitled to the exemption. The Court concluded that Board's action in *Warner* was arbitrary, capricious, and an abuse of discretion in light of its prior acquiescence in Warner claiming the exemption. On transfer, the Supreme Court approved and adopted the decision of the Appellate Court excepting the Appellate Court's order assessing costs of the appeal to Board, *State Board of Tax Commissioners* v. *Warner Press, Inc.* (1970), 254 Ind. 183, 258 N.E.2d 621. Other cases applying the doctrine of *Baker* v. *Compton* include *State Board of Tax Commissioners* v. *Wright* (1966), 139 Ind. App. 370, 215 N.E.2d 57, 217 N.E.2d 596; and *State Board of Tax Commissioners* v. *Methodist Home for the Aged* (1968), 143 Ind. App. 419, 241 N.E.2d 84, *transfer denied.*

Applying the rationale of the above cases to the case at bar, raises a question which we cannot overlook. That being, whether Board's acquiescence in Whirlpool's exemption in 1965, 1966, 1967, and 1968 is binding and controlling since the exemption statute (IC 1971,

6-1-24-5, *supra*) has not been altered. In our opinion the case at bar presents an even stronger candidate for the acquiescence doctrine of *Baker* v. *Compton* than did *Warner Press; Methodist Home for the Aged,* and *Wright, supra.* The reason being that in 1965, the same dispute as in the case at bar was resolved by Board in favor of Whirlpool. On the basis of the 1965 dispute, Board permitted Whirlpool's exemption in 1966, 1967, and 1968. The legislature therefore must be deemed to have acquiesced in the exemption and under the guidance of *Baker* v. *Compton, supra,* such acquiescence is binding and controlling herein.

The trial court erred in not so ruling.

## CONCLUSION

Under issue one it has been demonstrated that Board's reassessment of Whirlpool's business personal property was barred by the applicable statute of limitations. Under issue two, Board's action of denying Whirlpool the exemption in 1969 has been seen to be arbitrary, capricious, and an abuse of discretion in light of the doctrine of legislative acquiescence. The judgment below is therefore reversed and this cause is remanded with instructions to enter judgment in favor of Whirlpool not inconsistent with the views expressed herein.

Reversed and remanded with instructions.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 338 N.E.2d 501.