STATE BOARD OF TAX COMMISSIONERS OF THE STATE OF INDIANA, CARLETON L. PHILLIPI, TAYLOR I. MORRIS, JR., DURWOOD S. STRANG, MEMBERS OF THE STATE BOARD OF TAX COMMISSIONERS *v.* CARRIER CORPORATION.

[No. 877S550. Filed August 8, 1977. Rehearing denied November 1, 1977.]

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellant.

*Douglass R. Shortridge, Robert T. Wildman, Shortridge & Wildman,* of Indianapolis, for appellee.

PIVARNIK, J.—This cause comes to us on a petition to transfer from the First District of the Court of Appeals, memorandum decision by Robertson, C.J., Lowdermilk and Lybrook, JJ., concurring. The petition to transfer is brought by Carrier Corporation, appellee in the Court of Appeals and plaintiff in the trial court.

The State Board of Tax Commissioners of the State of Indiana denied exemptions to Carrier Corporation, and the trial court ordered the Board to allow the exemptions. The Court of Appeals reversed the trial court. Transfer is granted and the decision of the Court of Appeals is vacated and set aside.

Carrier claims exemption on the basis of two statutes which are as follows:

"IC (1971) 6-1-24-3. *Property of nonresidents in public warehouses for transshipment.* Personal property of nonresidents of the state who are able to show by adequate records that such personal property has been shipped into this state and placed in the original package in a public warehouse for the purpose of transshipment to an out-of-state destination, shall not, while so in the original package in such warehouse, be subject to the tax imposed by IC 1971, 6-1-20 through 6-1-39. No portion of a premises owned or leased by a consignor or consignee, shall be deemed to be a public warehouse.

IC (1971) 6-1-24-5. *Exemption of property in warehouse for interstate transshipment.* Personal property of nonresidents of the state shipped into this state and placed in the original package in a public or private warehouse for the purpose of transshipment to an out-of-state or within-the-state destination and so designated on the original bill of lading, or personal property of residents or nonresidents of the state placed in the original package in a public or private warehouse for the purpose of transshipment to an out-of-state destination and so designated on the original bill of lading, shall not, while so in the original package

in such warehouse, be subject to tax imposed by this act. In construing this section, goods, wares and merchandise shall be exempt only to the extent that they are exempt from ad valorem taxes under the commerce clause of the Constitution of the United States."

The facts were all agreed at trial level. The cause was submitted to the trial court by motions for summary judgment filed by both parties. Judgment was made on the basis of interpretation of the above statutes as they applied to the facts agreed to by the parties.

Bryant Air Conditioning Company manufactures products in Indiana for its parent corporation, Carrier. These products are manufactured upon a forecast-and-need basis, so that upon completion of the manufacturing process there are no specific buyers for the individual units. The goods are immediately boxed and delivered to an independent warehouse in Indianapolis. When delivered to the warehouse by common carrer, the goods are covered by a bill of lading which states:

"The merchandise covered hereby is placed in its original package in a public warehouse for the purpose of transshipment to an out of state destination."

The shipping department of Carrier, located in Syracuse, New York, determines where and when the goods are then shipped from the warehouse. Approximately ninety-five percent of the goods are shipped out of state. In the year 1971, 96.1% of the goods were actually shipped out of the state. Carrier had been allowed the exemptions in 1969 and 1970. However, in 1971, the Board expanded its regulations and by regulation 16, Indiana Administrative Rules and Regulations (6-1.1-3-9)-32 (Burns 1976), provided that in order for the goods to be exempt, the bill of lading attached to the goods in the warehouse must show the actual and ultimate destination of the item. Thus, the Board would have us interpret the statute to say that the legislature intended for the taxpayer to have an exemption only when he would have had an exemption under the Commerce Clause of the United States

Constitution. This interpretation would make the statute nothing more than a restatement of the rights of the taxpayer under the Commerce Clause of the United States Constitution. The statute would therefore serve no purpose.

In *Appeal of Martin*, (1974) 286 N.C. 66, 209 S.E.2d 766, the court construed a statute almost identical to the one in issue as not requiring showing of ultimate destination in the bill of lading. In that case, various divisions of Abbott Labs had shipped goods from manufacturing plants in various states to public warehouses in North Carolina. Goods were in their original cartons, and were eventually shipped from the warehouse in the same cartons to places within and without the state. The goods were shipped to the warehouse by common carrier on bills of lading to the warehouse which had printed on their face the words, "For Transshipment." At the time the goods were stored, Abbott did not have orders for the goods. When the name and address of the purchaser became known, Abbott directed the warehouse to ship the ordered goods out. The State contended that Abbott was not entitled to an exemption under the statute unless the original bills of lading named the ultimate destination. In denying this contention, the court said at 209 S.E.2d 775:

> "The proposed interpretation would result in a trap for the unwary taxpayer and severely hamper legislative policy expressed in the statute. Moreover, if the ultimate consignee is known to the consignor at the time the goods are shipped into this state and placed in a public warehouse, no logical reason occurs to us why the taxpayer would not ship the goods direct. Why place them in a warehouse?"

The Court of Appeals entered a memorandum decision in this cause and viewed as dispositive the case of *State Board of Tax Commissioners* v. *Philco-Ford*, (1976) Ind. App., 356 N.E.2d 1379. The facts of *Philco-Ford* are essentially identical to the facts of the instant case. However, the Court of Appeals denied a contention by the taxpayer that *Whirlpool Corporation* v. *State Bd. of Tax Commissioners*, (1975) Ind. App., 338 N.E.2d 501, *transfer denied*, is dispositive of

*Philco-Ford* and of this cause. The *Whirlpool* case was decided by the Court of Appeals on the basis of two issues: the statute of limitations, which is not pertinent here, and the doctrine of legislative acquiescence, which is pertinent here. The essential facts in *Whirlpool* are identical to the facts surrounding Carrier's actions. Relying on the statute and its predecessor here involved, Whirlpool, since at least 1962, had claimed the exemption and said claim was never questioned by the Board. Then, in 1965, the Board under the new amendment to the statute challenged the claimed exemption. Following a series of hearings and meetings the Board ruled that Whirlpool was entitled to the exemption. Thereafter, in 1966, 1967, and 1968, Whirlpool claimed the exemption without incident. In 1969, however, the Board once again challenged Whirlpool's attempt to claim the exemption. The subject of Whirlpool's appeal was the challenge to the 1969 denial of the exemption. Whirlpool's contention was that the Board by its actions in 1965, 1966, 1967, and 1968 had acquiesced in the exemption and was therefore estopped to deny it in 1969. The Court of Appeals cited *Baker* v. *Compton,* (1965) 247 Ind. 39, 211 N.E.2d 162, *State Board of Tax Commissioners* v. *Warner Press Inc.,* (1969) 145 Ind. App. 20, 248 N.E.2d 405, and other cases to establish the rule of legislative acquiescence as a recognized doctrine in this state. The *Whirlpool* court then stated, at 338 N.E.2d 507:

> "[I]n 1965, the same dispute as in the case at bar was resolved by the Board in favor of Whirlpool. On the basis of the 1965 dispute, Board permitted Whirlpool's exemption in 1966, 1967 and 1968. The legislature therefore must be deemed to have acquiesced in the exemption and under the guidance of *Baker* v. *Compton, supra,* such acquiescence is binding and controlling herein."

We hold that the same consideration from the *Whirlpool* case is forthcoming to Carrier in this cause for two reasons. One is that we can find no authority which would indicate that privity to an administrative ruling is required in order to be able to raise a legislative

acquiescence argument. The second is that Carrier itself was allowed to use the exemption in 1969 and 1970 with the acquiescence of the Board. Until its change of position in 1971 by regulation 16, the Board interpreted the intent of the legislature to be that the taxpayer would receive the exemption if he complied with the provisions of the statute. By giving the natural and recognized meaning to the language of the statute, it is clear that the legislature intended to provide for exemption under the facts stated in this case. If Ind. Code § 6-1-24-5 (Burns 1971), is to have meaning other than as a restatement of the rights of the taxpayer under the Commerce Clause, the last sentence of the statute could only be meant as a limiting provision. The exemption created is to be only from what the state could tax in the area of ad valorem taxation under the Commerce Clause of the United States Constitution, not from any other possible area of taxation.

We accordingly affirm the trial court.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J. concurs in result.

NOTE.—Reported at 365 N.E.2d 1385.

## ON PETITION FOR REHEARING

[Filed November 1, 1977.]

CONSTITUTIONAL LAW—*Indiana Constitution, Art. X, § 1—Not in Conflict with Commerce Clause of U.S. Constitution.*—The chief purpose of the part of Article X, § 1 of the Indiana Constitution which provides for exemption from property taxation of tangible personal property other than property being held for sale in the ordinary course of a trade or business is to give the State authority to exempt personal property such as household goods. Such section does not mean that the State may tax goods contrary to the Commerce Clause of the United States Constitution, where such tax would hamper and burden interstate commerce.

*Rehearing denied.*

PIVARNIK, J.—The major argument in the state's petition for rehearing is that our decision in this case, *State Bd. of Tax Comm'rs of State of Ind. v. Carrier Corp.,* (1977) 266 Ind.

615, 365 N.E.2d 1385, puts an interpretation on the applicable statutes which violates Article X, § 1 of the Indiana Constitution. This section was not argued by the state, either orally or in a brief before this Court until this petition for rehearing. Nor was it dealt with by the Court of Appeals in its unpublished memorandum decision in this case. The applicable parts of this section read as follows:

> "The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. The General Assembly may exempt from property taxation any property in any of the following classes:
>
> .  .  .  .
>
> Tangible personal property other than property being held for sale in the ordinary course of a trade or business. . . ."

The chief purpose of this section was to give the state authority to exempt personal property such as household goods. Obviously, if the language concerning "property being held for sale in the ordinary course of a trade or business" was construed to its literal extent, it would conflict with the Commerce Clause of the United States Constitution, which limits the taxing power of this state because of the Supremacy Clause of the United States Constitution. Article X, § 1 of the Indiana Constitution does not mean that the state may tax goods contrary to the Commerce Clause, where such tax would hamper and burden interstate commerce. Our holding in this case is thus consistent with the legislature's interpretation of what it believes can or cannot be taxed in the area of ad valorem taxation under the Commerce Clause.

The state next argues that the trial court record contains no factual finding that taxpayer Carrier claimed the exemptions in issue in 1969 and 1970. However, as stated in our previous opinion in this case, the facts were all agreed at trial level. The state does not deny that Carrier filed its returns and paid its taxes in the years in question.

Rehearing denied.

All Justices concur.

NOTE.—Reported at 368 N.E.2d 1153.