INDIANA DEPARTMENT OF REVE-
NUE, INDIANA GROSS INCOME TAX
DIVISION, Appellant (Defendant be-
low),

v.

GLENDALE–GLENBROOK ASSOCI-
ATES, A Partnership, Appellee
(Plaintiff below).

No. 1–280A39.

Supreme Court of Indiana.

Dec. 21, 1981.

Linley E. Pearson, Atty. Gen., Cindy A.
Ellis, Deputy Atty. Gen., Indianapolis, for
appellant.

John E. Hurt, McNutt, Hurt & Blue, Martinsville, H. William Irwin, Fred W. Garver, Richard E. Aikman, Jr., Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for appellee.

## ON PETITION TO TRANSFER

HUNTER, Justice.

This cause is before us upon the petition to transfer of plaintiff-appellee, Glendale-Glenbrook Associates (Glendale). The Court of Appeals, First District, reversed a lower court decision which granted summary judgment in favor of the taxpayer. *Indiana Department of Revenue v. Glendale-Glenbrook Associates*, (1980) Ind.App., 404 N.E.2d 1178. We now grant transfer, vacate the opinion of the Court of Appeals and affirm the judgment of the trial court.

The facts in this case are not in dispute. The taxpayer, Glendale, is a partnership of individuals with one corporate partner, Northwestern Mutual Life Insurance Co. (Northwestern). Glendale was formed in 1968 for the purpose of developing, owning and leasing shopping center complexes. At the time of its formation, it was not subject to Indiana Gross Income Tax under Ind. Code § 6–3–7–1(a) (Burns 1978) since partnerships were exempt from this tax. Glendale relied upon its tax-exempt status in negotiating long-term leases with numerous tenants. In 1969, the Indiana General Assembly amended the statute by adding Ind. Code § 6–3–7–1(b) (Burns 1978) which states in pertinent part:

"(b) Every partnership of which one or more of the partners is a corporation shall be liable for the tax imposed by sections 2 and 3 of IC 6–2–1 [6–2–1–2, 6–2–1–3] and by this article."

Glendale was notified that they were now subject to payment of the Indiana Gross Income Tax. They protested this finding on the basis that another section of the Indiana Gross Income Tax Act specifically exempted qualified insurance companies from gross income tax liability as they were taxed under a separate section:

"6–3–2–3. *Exempt income.*—Notwithstanding any provision of this act [6–3–1–1—6–3–8–6], there shall be no tax on the adjusted gross income of the following:

\* \* \* \* \* \*

"(d) Insurance companies subject to tax under section 235 [27–1–18–2] of the Indiana Insurance Law." Ind.Code § 6–3–2–3 (Burns 1978). [*See also*: § 6–2–1–7(k) (Burns 1978).]

After an administrative hearing on June 7, 1973, the Department issued a "Letter of Findings" dated December 4, 1973, which stated that Glendale was *not* subject to assessment and payment of the Indiana Gross Income Tax as the only corporate partner in the partnership was a qualified insurance company which was exempt from such tax under Ind.Code § 6–3–2–3(d), *supra*.

Three years later, Glendale was notified by a letter dated June 28, 1976, that the Department had overruled its ruling set out in the December 4, 1973, "Letter of Findings" and that Glendale was to begin paying Indiana Gross Income Tax as of January 1, 1976. Glendale paid taxes for 1976, 1977, 1978 and part of 1979 but filed a petition for refund. The trial court ruled in Glendale's favor in a summary judgment on August 18, 1979, holding that Glendale was due a refund of $576,919.87 plus any payments for Indiana Gross Income Tax made subsequent to June 6, 1979, together with interest at the rate of 8% per annum. The Court of Appeals reversed on the basis that there was no ambiguity in the statutory language in Ind.Code § 6–3–7–1(b), *supra*, and that the statute did not distinguish types of corporations. Therefore, in the court's view, if a corporation was a member of a partnership, the partnership was taxed on gross income, regardless of the type of corporation. Ind.Code § 6–3–7–1(b), *supra*.

Although the statutory language of Ind.Code § 6–3–7–1(b), *supra*, is unambiguous on its face, we cannot ignore a consideration of the Indiana Gross Income Tax Act as a whole and the conflicts which result if this particular section is given only its strictly literal meaning. It is a well-established principle that when this court is

called upon to construe words in a single section of a statute, it must construe them with due regard for all other sections of the act and with due regard for the intent of the legislature in order that the spirit and purpose of the statute be carried out. *State v. George*, (1980) Ind., 401 N.E.2d 680; *Indiana State Highway Commission v. White*, (1973) 259 Ind. 690, 291 N.E.2d 550; *Combs v. Cook*, (1958) 238 Ind. 392, 151 N.E.2d 144.

It is clear that Glendale, as a partnership, was not liable for any gross income tax when it was formed in 1968. It was also clearly brought out by testimony in this case that the intent of the legislature in passing the 1969 amendment to the Gross Income Tax Act (Ind.Code § 6–3–7–1(b), *supra,*) was to plug a tax loophole where one corporation which was paying gross income tax might join with another corporation to form a partnership in order to circumvent the tax.[1] Glendale's single corporate partner, Northwestern, was not trying to evade the payment of taxes. Northwestern was subject to taxation under separate corporate insurance company statutes and was specifically designated as exempt from liability for the Gross Income Tax in two statutes. Ind.Code §§ 6–2–1–7(k), 6–3–2–3(d), *supra.* The legislature made no change in these exemption provisions in 1969.

■ Thus, when we consider the Gross Income Tax Act as a whole, we find that a strictly literal interpretation of the word "corporation" would lead to a conflict between sections of the same act. Our basic principle of statutory construction in ascertaining the intention of the legislature from the act as a whole is particularly applicable in a case such as this where adherence to the letter of the law would lead to injustice, absurdity or contradictory provisions. *State v. George, supra.* Therefore, we reject the Court of Appeals' literal reading of the word "corporation" and find that a corporation which was specifically exempt from gross income tax liability under one section of the Gross Income Tax Act was not then made subject to tax liability by becoming a member of a partnership which itself would not otherwise be subject to the tax liability.[2]

■ Furthermore, the doctrine of legislative acquiescence is clearly applicable to this case. We have consistently recognized that a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts. *State Board of Tax Commissioners of S. of Ind. v. Carrier Corp.*, (1977) 266 Ind. 615, 365 N.E.2d 1385; *Baker v. Compton*, (1965) 247 Ind. 39, 211 N.E.2d 162; *Whirlpool Corp. v. State Board of Tax Commissioners*, (1975) 167 Ind.App. 216, 338 N.E.2d 501. In this case, the Department originally found that Glendale was *not* liable for payment of a gross income tax under Ind. Code § 6–3–7–1(b), *supra.* No payments were assessed to Glendale for a seven-year period during 1969–1975. The legislature took no action during this period to amend the statute and therefore must be deemed

---

1. Testimony was given by Mr. John C. Hart, who served in the Indiana House of Representatives during the years 1969 through 1973 and, as Chairman of the House Ways and Means Subcommittee on Taxation, was familiar with the 1969 Amendment to the Indiana Gross Income Tax Act.

2. Ind.Code § 6–3–7–1, *supra*, was amended in 1981 and now reads as follows:
    "6–3–7–1. *Exemption from gross income tax.*—In the event the tax imposed by IC 6–3–1 through IC 6–3–7 [6–3–1–1—6–3–7–3] is held inapplicable or invalid with respect to any person, or the shareholders of any corpo-

ration described in IC 6–3–2–3(b), or the partners of any such partnership, then notwithstanding IC 6–2.1–3–23 or IC 6–2.1–3–24 such person or such corporation or such partnership shall be liable for the tax on gross income as imposed by IC 6–2.1 [6–2.1–1–1—6–2.1–8–10] for the taxable periods with respect to which the tax under IC 6–3–1 through IC 6–3–7 is held inapplicable or invalid." [Effective date, April 29, 1981.]
This amendment substantially changes the previous section. Our opinion is limited to the facts before us under an application of pre-1981 law.

to have acquiesced in the exemption. Such acquiescence is binding and controlling in this case.

Although we are affirming the trial court's judgment awarding a refund to Glendale of tax payments made during the years 1976, 1977, 1978 and 1979, the state points out one error in the court's award of interest. The trial court awarded "interest at the rate of 8% per annum." However, as the state points out, our statute which changed the rate from six percent to eight percent became effective on January 1, 1978. Ind.Code § 6–2–1–16(b) (Burns 1978). The trial court's award of eight percent interest prior to that time was error.

For all the foregoing reasons, transfer is granted and the opinion of the Court of Appeals is vacated. The cause is remanded to the trial court with instructions to correct the amount of interest awarded. The judgment of the trial court in all other things is affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.