**INDIANA ASSOCIATION OF SEV-
ENTH–DAY ADVENTISTS,**
Petitioner,

v.

**STATE BOARD OF TAX COMMISSION-
ERS, William L. Long, Chairman, Gor-
don E. McIntyre, Member, Durwood S.
Strang, Member, Respondents.**

No. 60T05–8702–TA–00006.

Tax Court of Indiana.

Feb. 16, 1988.

Alex L. Rogers, Patrick M. O'Brien,
Steers, Sullivan, McNamar & Rogers, In-
dianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J.
Holaday, Deputy Atty. Gen., Indianapolis,
for respondents.

FISHER, Judge.

## STATEMENT OF THE CASE

The petitioner, Indiana Association of Seventh–Day Adventists, appeals the final determination of the respondent, State Board of Tax Commissioners, which denied the church's claim for exemption.

The church is an Indiana not-for-profit corporation organized for religious purposes. It owns churches, schools, parsonages, camps, and other real property in Indiana, including Timber Ridge Camp, the property hereunder consideration. Timber Ridge Camp consists of 175 contiguous acres located in Owen County, Indiana. The camp's improvements include a staff lodge, fourteen sleeping cabins, restrooms, a dining hall, an assembly hall, a craft building, and a caretaker's house. Timber Ridge Camp is primarily used as a summer church camp. It is also used as a retreat and weekend meeting place for teachers, ministers, and other church personnel for the balance of the year.

The church acquired the camp in 1961. There is no evidence as to when the caretaker's home was built although there is some indication that it was on the land at the time the property was acquired by the church.

Prior to 1983, the State Board granted a 100% exemption for all of the real estate and improvements. In 1983, the State Board denied the exemption for the caretaker's house and the land in excess of fifty acres.

The issues are restated as follows:

I) Whether the State Board's determination that the caretaker's house is not exempt is supported by substantial evidence;

II) Whether the State Board's determination that neither the caretaker's house nor the land in excess of fifty acres is exempt is arbitrary and capricious; and

III) Whether IC 6–1.1–10–25 is unconstitutional.

## ISSUE I

The church contends that the caretaker's house is exempt under IC 6–1.-1–10–16 because the house is used for religious purposes. The church attempted to introduce evidence of the caretaker's religious duties at trial. The testimony regarding the religious nature of the caretaker's duties was not offered at the hearing before the State Board and therefore, the testimony may not be considered. *State Board of Tax Commissioners v. Gatling Gun Club, Inc.* (1981), Ind.App., 420 N.E. 2d 1324. The only evidence before the State Board indicated that the house was used as a residence by the caretaker and his wife. The State Board's denial of the exemption for the caretaker's house is therefore supported by substantial evidence.

## ISSUE II

The church contends that the State Board's decision is arbitrary and capricious because the exemption had been allowed in previous years. The church argues that the doctrine of legislative acquiescence should be applied.

The doctrine of legislative acquiescence is a tool of statutory construction which provides that "a long adhered to administrative interpretation dating from the legislative enactment, with no subsequent change having been made in the statute involved, raises a presumption of legislative acquiescence which is strongly persuasive upon the courts." *Baker v. Compton* (1965), 247 Ind. 39, 211 N.E.2d 162, 164. Such an interpretation is not binding, however, if incorrect. *Id.*

The church contends that the State Board has interpreted IC 6–1.1–10–16(a) as permitting the exemption of the caretaker's house because it is used for religious purposes. Because no change in the law has occurred, the church argues that the Court should presume that the legislature has acquiesced in this interpretation so that the exemption may be granted.

The evidence does not support the contention that the State Board interpreted IC 6–1.1–10–16(a) as allowing an exemption for a caretaker's residence. The church's exemption applications prior to 1983 never

listed the caretaker's three bedroom ranch style house separately; the house apparently was included as one of fifteen sleeping cabins. The State Board should not be bound by an administrative interpretation it did not clearly make.

As to the land in excess of fifty acres, the church argues that the State Board interpreted IC 6–1.1–10–16(d) as allowing an exemption for each separately listed parcel of land. IC 6–1.1–10–16(d) exempts a tract of land if the building situated thereon is exempt and if "the tract does not exceed fifty (50) acres." Because no substantive change in the statute has occurred, the church contends that the legislature has acquiesced in the State Board's interpretation.

First, the evidence does not support the church's contention that the State Board allowed an exemption for each "parcel" of land listed, notwithstanding the contiguity of the parcels. The legal description of two parcels showed land in excess of fifty acres. If the State Board interpreted IC 6–1.1–10–16(d) as the church contends, then the church would not have received a 100% exemption for that land.

■ Second, application of the doctrine of legislative acquiescence is untenable because the legislature has not acquiesced in the State Board's alleged interpretation. In 1987, the legislature defined "tract" as "any area of land that is under common ownership and is contained within a continuous border." IC 6–1.1–1–22.5 (1987Supp.). Although IC 6–1.1–1–22.5 is notnecessarily binding, it is persuasive as tolack of acquiescence by the legislature.

■ The ordinary and accepted definition of tract is a contiguous body of land under common ownership. *Westerheide v. Wilcox* (1942), 190 Okl. 382, 124 P.2d 409. *See* Annotation, *Different parts or parcels of land in same ownership as single unit or separate unit for tax assessment purposes*, 133 A.L.R. 524, 538–44 (1941). The action of the State Board was not arbitrary or capricious in either respect.

## ISSUE III

■ The church argues that IC 6–1.1–10–25 should be declared unconstitutional as a denial of equal protection of the law. IC 6–1.1–10–25 exempts certain organizations such as YMCA, YWCA, YMHA, Salvation Army, Knights of Columbus, Boys Scouts, Girls Scouts, and others from property tax without acreage limitation. IC 6–1.1–10–25 further provides that the exempt property must be exclusively used and, in the case of real estate, occupied for the purposes and objectives of the organization. No probative evidence has been presented which would support an allegation of denial of equal protection of the laws. To compare the church with the exempt organizations would require substantial stretching of the evidence as presented. Furthermore, even if this Court held IC 6–1.1–10–25 to be unconstitutional, it would not afford the church the relief prayed for, as the fifty acre limitation of IC 6–1.1–10–16 would still be in effect.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the final deermination of the State Board of Tax Commisisoners is affirmed and that the petitioner church take nothing by its petition. Judgment for State Board of Tax Commisisoners.