In re ESTATE OF Harry D. ALBERSMEIER, Deceased.

INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION, Appellant (Petitioner Below),

v.

FIRST UNION BANK AND TRUST COMPANY, WINAMAC, Indiana, Executor and Trustee of the Estate of Harry D. Albersmeier, Deceased, Appellee (Respondent Below).

No. 3-281A57.

Court of Appeals of Indiana, Third District.

Sept. 8, 1981.

Linley E. Pearson, Atty. Gen., Herbert L. Allison, Deputy Atty. Gen., Indianapolis, for appellant.

Lester L. Wilson, Winamac, Donald P. Bennett, Mary K. Lisher, Baker & Daniels, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Harry D. Albersmeier died testate on June 10, 1979. On June 11, 1979 Albersmeier's last will and testament was admitted to probate by the Pulaski Circuit Court and the First Union Bank and Trust Company, Winamac, Indiana was appointed Executor of the estate. Albersmeier's will provided that his entire residuary estate be bequeathed to the First Union Bank and Trust Company, Winamac, Indiana in trust for Winamac Lodge No. 262, Free and Accepted Masons, Winamac, Indiana. Under the provisions of the will, the Trustee was directed to hold the property in trust and accumulate the income until the Lodge had sufficient funds, together with the trust property, to provide for the purchase of a site for, and the construction of, a Temple for the Lodge, at which time the Trustee was to distribute the trust property for the construction.

On May 16, 1980 the Executor filed a schedule of all property, claiming a charitable exemption for the property passing in trust for the Lodge, and the court entered its order determining value of estate and amount of tax, etc., in which it determined that the bequest was exempt under IC 1971, 6-4.1-3-1 (Burns 1978 Repl.) and Internal Revenue Code § 2055(a). On July 22, 1980 the Indiana Department of State Revenue (Department) filed a petition for rehearing, reappraisement and redetermination of inheritance and transfer tax, alleging that the Executor had failed to substantiate that the Lodge qualified for exemption. A hearing on the petition was held on September 4, 1980, and the petition was denied.

The Department has appealed that decision and raises the issue of whether the trial court erred in deciding that the bequest in the last will and testament of Harry D. Albersmeier to establish the residuary trust for Winamac Lodge No. 262, Free and Accepted Masons, Winamac, Indiana was exempt from Indiana Inheritance Tax. under IC 1971, 6–4.1–3–1.

IC 1971, 6–4.1–3–1 provides as follows: "Property exempt from inheritance tax. —Each transfer described in section 2055(a) of the Internal Revenue Code is exempt from the inheritance tax."

The relevant provision of Internal Revenue Code § 2055(a) is:

"Transfers for public, charitable, and religious uses

(a) In general.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate the amount of all bequests, legacies, devises, or transfers—

\* \* \* \* \* \*

(3) to a trustee or trustees, or a fraternal society, order, or association operating under the lodge system, but only if such contributions or gifts are to be used by such trustee or trustees, or by such fraternal society, order, or association, exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals[.] . . ."

The Department does not dispute that the Lodge is a religious, charitable and educational organization; however, it argues that the bequest does not qualify for an exemption because the bequest is not being used exclusively for religious, charitable, scientific, literary or educational purposes. Rather, it contends the bequest primarily and principally benefits the Lodge membership and its affiliated Masonic bodies, and only incidentally, the public.

It was long ago established in Indiana that a devise to a Masonic Lodge is a devise to charitable uses. *Cruse et al. v. Axtell et al.* (1875), 50 Ind. 49. In *State Tax Bd. v.*

*Adoniram Tr.* (1969), 145 Ind.App. 300, at 303, 250 N.E.2d 605, at 607, this Court cited with approval the Supreme Court of Nebraska:

" ' \* \* \* "Masonry falls entirely, without exception within the three categories of charity, educational purpose, and religious purpose. It has no other function or purpose and does no other work." Further, that the statements thus made "may be fully verified in every particular by reference to a large body of masonic literature available to any one who is interested in studying it, open to everybody, representing the best masonic thought for centuries back in time."

" 'It further appears that these results are accomplished by and through the teachings of its rituals as employed in the conferring of its degrees, and in the transaction of its business, as well as by its literature.' "

*Ancient, Etc., S.R. of Freemasonry v. Board of Co. Com'rs.,* (1932) 122 Neb. 586, 241 N.W. 93, at 95.

The evidence presented at trial clearly shows that the Lodge and its affiliate organizations engage in religious, educational and charitable activities. The Temple is used as a site for these activities. In *State Tax Bd. v. Adoniram Tr., supra,* the property was found not to lose its exempt status because of insignificant exceptions to its use for educational, religious and charitable purposes.

The fact that an organization's benefits are limited to a particular group or a limited number of people does not mean that the organization cannot be regarded as exclusively charitable, educational or religious. In an earlier case involving a Masonic organization, the Indiana Supreme Court said:

"It is not essential to charity that it shall be universal. That an institution limits the dispensation of its blessings to one sex, or to the inhabitants of a particular city or district, or to the membership of a particular religious or secular organization, does not, we think, deprive it either in legal or popular apprehension of the

character of a charitable institution. If that only be charity which relieves human want, without discriminating amongst those who need relief, then indeed it is a rarer virtue than has been supposed. And if one organization may confine itself to a sex, or church, or city, why not to a given confraternity?"

*City of Indianapolis v. The Grand Master, &c., of the Grand Lodge of Indiana* (1865), 25 Ind. 518, at 522–523.

The bequest was entitled to the exemption from Indiana Inheritance Tax under IC 1971, 6–4.1–3–1, and therefore, the judgment of the trial court is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.