ST. MARY'S MEDICAL CENTER OF EVANSVILLE, INC. and St. Mary's Building Corporation, Appellants,

v.

STATE of Indiana BOARD OF TAX COMMISSIONERS and County Board of Review for Vanderburgh County, Appellees.

No. 82S00–8905–TA–0367.

Supreme Court of Indiana.

May 29, 1991.

G. Michael Schopmeyer, Harry P. Dees, Marilyn R. Ratliff, Kahn, Dees, Donovan & Kahn, Evansville, for appellants.

Linley E. Pearson, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellees.

DeBRULER, Justice.

St. Mary's Medical Center of Evansville, Inc. (St. Mary's) and its building corporation, both not-for-profit corporate persons, own and operate a large modern hospital complex in Evansville, Indiana. They applied to the County Board of Review for a property tax exemption for three of their nearby medical office buildings pursuant to I.C. 6-1.1-11-3, and the applications were disapproved. They then petitioned the State Board of Tax Commissioners for review of the county board's determination pursuant to I.C. 6-1.1-11-7(c). The State Board thereafter made its final determination, affirming the action of the county board. In so doing, the State Board said:

> Under I.C. 6-1.1-10-36.3, the property is not predominantly used or occupied for an exempt purpose, and therefore the entire assessment is taxable.

The Board does not accept the petitioner's contention that the doctrine of legislative acquiescence applies.

St. Mary's filed its original tax appeal with the Indiana Tax Court pursuant to I.C. 6-1.1-15-5, Tax Court Rule 2, and long-standing case law. *See State Bd. of Tax Comm'rs v. Wright* (1966), 139 Ind.App. 370, 215 N.E.2d 57. The Tax Court made findings of fact and decided against St. Mary's. *St. Mary's Medical Center v. State Bd. of Tax Comm'rs* (1989), Ind.Tax Ct., 534 N.E.2d 277. In so doing, the Tax Court concluded:

> [T]he determination of whether or not the petitioners are entitled to property tax exemptions should be based on whether the medical office buildings are reasonably necessary for the maintenance of St. Mary's religious, educational or charitable purposes....
>
> According to the Indiana Supreme Court, the doctrine of legislative acquiescence is applied generally where there has been an administrative interpretation of ambiguous statutory language.... [This] court cannot conclude that "owned, occupied, and used" is ambiguous statutory language. It is difficult to see how the legislature could be less "ambiguous" unless they specifically state that medical office buildings are or are not exempt from property taxes.
>
> Furthermore, it is not clear that the legislature was apprised of the interpretation of IC 6-1.1-10-16 one way or the other.

*Id.* at 278, 281-82 (citation omitted).

This is an appeal from that written decision of the Tax Court. Specifically, St. Mary's now claims that the Tax Court committed error in concluding (1) that there was substantial evidence supporting the State Board's denial of the exemption and that the denial was not contrary to law or an abuse of discretion, and (2) that the exemption was not required by application of the doctrine of legislative acquiescence.

The three buildings denied exemption are owned by appellants and are situated on tracts of land next to the hospital. Two are occupied by doctors, dentists, and a

pharmacy who rent space from appellants. Two-thirds of the other is occupied in like manner, with the remaining one-third of it occupied by hospital employees. These doctors and dentists engage in the traditional private practice of medicine and dentistry in their offices. They are also on the staff of the hospital. The building which was occupied in two-thirds part by leasing physicians and dentists had been granted exempt status by the county board for several years prior to being denied exemption upon these applications for the first time for 1983.

In Indiana, the legislature must provide by law for the taxation of property, but in doing so it may exempt "property being used for municipal, educational, literary, scientific, religious or charitable purposes." Ind. Const. Art. 10, § 1(a)(1). By statute, it did exempt property which is "owned, occupied, and used by a person for educational, literary, scientific, religious, or charitable purposes." I.C. 6–1.1–10–16. Use or occupation for "one or more of the stated purposes," for more than fifty percent (50%) of the time that it is used or occupied in the assessment year qualifies the property for at least a partial exemption. I.C. 6–1.1–10–36.3(a) and (b). Property is not "used or occupied for one or more of the stated purposes" during the time that a predominant part of the property is used or occupied in connection with a trade or business that is not substantially related to the exercise or performance of one or more of the stated purposes. *Id.* at (c).

■ In resolving the first issue against St. Mary's, the Tax Court applied the legal test first announced by that Court in *LeSea Broadcasting Corp. v. State Bd. of Tax Comm'rs* (1988), Ind.Tax Ct., 525 N.E.2d 637, and concluded that tax exemption statutes are to be strictly construed, that the three medical office buildings were occupied and being used by physicians for the conduct of their private medical practices, and that this medical practice use was not "reasonably necessary" for St. Mary's exempt purpose of providing hospital care and services to the public. St. Mary's contends that the use of its office buildings to cluster and concentrate private medical practitioners who admit their patients to the hospital and use the hospital facilities, in the immediate vicinity of the hospital, provides a benefit to patients, their physicians, and the hospital, and is therefore "reasonably necessary" for St. Mary's exempt purpose, and thus satisfies the use and occupancy requirements for exemption. We hold that the Tax Court did not commit error in reviewing the decision of the State Board on this point. It applied the proper legal standard and did not act unreasonably or arbitrarily or in a manner contrary to law in finding the facts and applying the legal standard to them so as to conclude that the nexus between this use and occupancy of these buildings by physicians enjoying hospital staff status and St. Mary's exempt purpose was insufficient as a basis for exempt status. With respect to the cited authorities dealing with this issue in other states, we adopt the reasoning of Judge Fisher.

■ After having been granted a tax exemption by the local board for several years on one of these three adjacent office buildings, St. Mary's sought a continuation of that exemption for the years 1983 through 1987. It also sought a like exemption for two other similarly situated office buildings which it acquired more recently for the years 1984 through 1987. As stated above, the exemption for the older building was denied along with these other requests at both the local and state administrative levels. St. Mary's argued before the State Board and the Tax Court that the exempt status of its older building should exist on a separate and sufficient basis, namely, legislative acquiescence. Both rejected that argument. We do so also.

This Court assessed the legal doctrine of legislative acquiescence in *State Bd. of Tax Comm'rs v. Fraternal Order of Eagles, Lodge No. 255* (1988), Ind., 521 N.E.2d 678 (Shepard, C.J., and Dickson, J., dissenting without opinion), and found that legislative silence or inaction in the face of longstanding administrative or judicial acceptance of an interpretation of a particular statutory provision is deemed by a decisionmaker la-

**1250**

ter called upon to construe and apply such statutory provision to be legislative ratification of the longstanding administrative or judicial interpretation, tantamount to an actual legislative enactment and thus of great or even decisive weight. If the particular statutory provision is not ambiguous in the mind of the official decisionmaker called upon to construe or apply such statutory provision, then and in that event no need arises to attribute significance to legislative silence or inaction. If past administrative or judicial interpretations vary or are few in number or not widely known, legislative silence or inaction remains hopelessly insoluble and useless as a tool of statutory construction. *See Citizen's Action Coalition v. Northern Ind. Pub. Serv. Co.* (1985), Ind., 485 N.E.2d 610.

Legislative silence can be a poor beacon to follow in determining the meaning of a statute. *Zuber v. Allen,* 396 U.S. 168, 90 S.Ct. 314, 24 L.Ed.2d 345 (1969). And so it is here. Here we know that one medical office building, partially occupied by hospital employees, located next to a hospital, was granted tax exempt status for several years by decisionmakers who concluded that the building was "owned, occupied, and used" for the adjacent hospital's exempt purposes. We hold that the Tax Court was not in error in concluding that the administrative interpretations involved in the decisions to grant those exemptions in former years did not have that type of notoriety and significance which sheds light on legislative silence and inaction.

The judgment of the Tax Court is affirmed.

SHEPARD, C.J., and GIVAN, DICKSON and KRAHULIK, JJ., concur.