**ALTE SALEMS KIRCHE,
INC. Petitioner,**

v.

**STATE BOARD OF TAX
COMMISSIONERS,
Respondent.**

**No. 82T10–9810–TA–134.**

Tax Court of Indiana.

Aug. 2, 2000.

---

Mark Scherer, Indianapolis, Indiana, Attorneys for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

This case, along with two others also de-

cided today,[1] concerns the applicability of the property tax exemption that Indiana grants to charitable, religious and educational organizations. As in the other two cases, the petitioner, Alte Salems Kirche, Inc. (Alte Salems) appeals the final assessment determination of the State Board of Tax Commissioners (State Board), which denied it a property tax exemption. In its original tax appeal, Alte Salems raises one issue for this Court's consideration: Whether Alte Salems meets the "charitable purpose" requirements of IND.CODE ANN. §§ 6–1.1–10–16(a), 6–1.1–10–36.3(a) (West 2000) for the 1990 tax year.[2] For the reasons explained below, the Court finds that Alte Salems meets the requirements and is thus entitled to the exemption.

## FACTS AND PROCEDURAL HISTORY

This case returns to this Court following a remand ordered by the Court on May 1, 1998. *See Alte Salems Kirche v. State Bd. of Tax Comm'rs*, 694 N.E.2d 810 (Ind. Tax Ct.1998) (*Alte Salems I* ). The facts and procedural history of this case are not in dispute and have been stated once before in *Alte Salems I,* 694 N.E.2d at 812–14.[3] Therefore, the Court will not restate the facts or the procedural history in their entirety a second time, but rather will present an abbreviated version of both for purposes of this case. Alte Salems' property consists of a church building, mobile home and barn located in Posey County.

The church is officially non-denominational, and people of various faiths often worship there. From 1973–83 the State Board granted Alte Salems a property tax exemption. Also in 1973, the church was moved to its current location from its old site three miles away. In a 1995 final determination, the State Board denied Alte Salems an exemption for the 1990 tax year. This Court found in *Alte Salems I* that the State Board failed to consider all the evidence before it and remanded this case for further consideration on May 1, 1998. *See Alte Salems Kirche,* 694 N.E.2d at 816.

Following the remand, the State Board held a hearing on August 18, 1998. After the hearing, it issued its final determination on September 14, 1998, affirming its earlier decision to deny Alte Salems a property tax exemption for the 1990 tax year. Alte Salems subsequently appealed this ruling and the Court held a second trial in this matter on July 9, 1999, after which oral arguments were heard from both parties on May 5, 2000. Additional facts will be supplied where necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives the State Board's decisions great deference when the Board acts within the scope of its authority. *See Bender v. State Bd. of Tax Comm'rs,* 676 N.E.2d 1113, 1114 (Ind. Tax Ct.1997). As such, final determinations by

---

1. *Plainfield Elks Lodge No. 2186 v. State Bd. of Tax Comm'rs,* 733 N.E.2d 32 (Ind. Tax Ct. 2000) and *New Castle Lodge No. 147, Loyal Order of Moose, Inc. v. State Bd. of Tax Comm'rs,* 733 N.E.2d 36 (Ind. Tax Ct. 2000).

2. The State Board claims that the Statute of Frauds requires the Court to dismiss this case by suggesting that the owner of both the land and Alte Salem's building, Mrs. Pauline Burgdorf, and not Alte Salems should have applied for the exemption. The State Board is mistaken. The Statute of Frauds is located at IND.CODE ANN. § 32–2–1–1 (West 1979 and Supp.1999) and states that any *sale* of *real* property must be consecrated in writing.

At trial, Mrs. Burgdorf testified that she gave the church building to Alte Salems. (Trial Tr. at 9–11, 37–38.). The State Board did not refute this. Since the record is clear that Alte Salems' church building was not sold, but rather given to Alte Salems, the Statute of Frauds does not apply here.

3. As this Court noted in *Alte Salems I,* Alte Salems qualifies as a church for purposes of section 6–1.1–10–36.3(b)(2). *See Alte Salems Kirche,* 694 N.E.2d at 812–14 (Alte Salem is a non-denominational church located in a remote section of Posey County.)

the State Board are only reversed by this Court when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *See id.*

## Discussion

■ Alte Salems argues that it is entitled to a property tax exemption for the 1990 tax year. The State Board claims that Alte Salems did not meet the requirements of section 6–1.1–10–36.3(a). Like other tax exemption statutes, this section is strictly construed against the taxpayer. *See Trinity Episcopal Church v. State Bd. of Tax Comm'rs,* 694 N.E.2d 816, 818 (Ind. Tax Ct.1998). However, this provision is not to be construed so narrowly that the legislature's purpose in enacting it is defeated or frustrated. *See id.* Therefore, the proper inquiry into the propriety of an exemption is whether the use of the property furthers exempt purposes. *See id.*

■ The factual aspects of this case closely resemble those of *Plainfield Elks Lodge No. 2186* as well as *New Castle Lodge No. 147.* In both *Plainfield Elks Lodge* and *New Castle Lodge No. 147,* the Court held that the taxpayers used their property predominately for charitable purposes. *See Plainfield Elks Lodge No. 2186,* 733 N.E.2d at 36. *See also New Castle Lodge No. 147, Loyal Order of Moose Inc.,* 733 N.E.2d at 39–40. As stated in both the statute and *Plainfield Elks Lodge,* the exemption depends on the property being predominately used for charitable purposes. *See* Ind.Code Ann. § 6–1.1–10–36.3(a); *see also Plainfield Elks Lodge No. 2186,* 733 N.E.2d at 34–35. In addition, Ind.Code Ann. § 6–1.1–10–36.3(b)(2) (West 2000) states that if property is predominately used for religious or charitable purposes by a church or reli-

gious society, then it is totally exempt from taxation.

■ In this case, the church building was used by people to attend to their own spiritual needs. (Trial Tr. at 18.) In addition, the building was often used by other churches for worship services. (Trial Tr. at 15.) Also, community groups like the Girl Scouts, Audubon Society and the Evansville Hiking Club all used the building at no charge. (Trial Tr. at 25.) Sunday school classes were normally held on a weekly basis at the church. (Trial Tr. at 16). At trial, Mrs. Burgdorf, who also served as Alte Salems' treasurer, testified that she visited the church weekly, during which time she would often pray or play the piano.[4] (Trial Tr. at 17.)

■ Mrs. Burgdorf also testified that Alte Salems sometimes donated money to worthy causes in and around the community. (Trial Tr. at 24.) According to Mrs. Burgdorf, Alte Salems' main contribution to the community was its constant openness to anyone who wished to use its facilities. (Trial Tr. at 24.) Alte Salems also submitted evidence of other comparable properties that received charitable, religious or educational exemptions in previous years. (Pet'r Ex. M.) The Court may consider such evidence if it finds it helpful in the present case. *See Alte Salems I,* 694 N.E.2d at 814; *see also North Park Cinemas v. State Bd. of Tax Comm'rs,* 689 N.E.2d 765, 771 (Ind. Tax Ct.1997) (taxpayer presented evidence of comparable properties.) Presented with such evidence, the State Board found it irrelevant to the present case and failed to consider it. (Resp't Ex. 1.) This amounts to an abuse of discretion, which the Court will not tolerate. *See North Park Cinemas,* 689 N.E.2d at 771 (Ind. Tax Ct.1997) (The State Board is required to compare similar properties when such evidence is proffered by a taxpayer seeking review of his assessment.)

---

4. While the facts state that Mrs. Burgdorf was a regular visitor to the church, the evidence does not show that she used the church for anything but religious purposes during her visits.

In denying the exemption, the State Board concluded that none of Alte Salem's charitable activities should be classified as such. (Respt' Ex. 1.) According to the State Board, "The provision of facilities to other organizations or groups for meetings or gatherings at no cost does not constitute a charitable act." (Resp't.Ex. 1.) The State Board is mistaken. As this Court held in *Foursquare Tabernacle Church of God in Christ v. State Board of Tax Commissioners*, 550 N.E.2d 850, 854 (Ind. Tax Ct.1990), the rationale behind the exemption is that a present benefit to the general public exists from the operation of the charitable institution sufficient to justify the loss of tax revenue. Here, the testimony shows that Alte Salem's church is available 24 hours a day, seven days a week for prayer, meditation or other religious purposes. Considering also the educational and religious uses noted above, the Court finds that Alte Salem's church building is entitled to the property tax exemption for the 1990 tax year. *See State Board of Tax Commissioners v. Fraternal Order of Eagles, Lodge No. 255*, 521 N.E.2d 678, 681 (Ind.1988) (when deciding whether or not to grant a property tax exemption, an organization's educational, charitable and religious contributions should be analyzed together).

In addition to the aforementioned church building, Alte Salems also owns a mobile home and barn on the property that were also denied exemptions for the 1990 tax year. According to Mrs. Burgdorf, the mobile home served three main purposes. First, the small amount of rent generated by it helped pay for upkeep of the church's property. (Trial Tr. at 12.) Second, the mobile home's presence served as a deterrent to vandals who might otherwise damage the property. (Trial Tr. at 12.) Lastly and perhaps most importantly, the presence of the mobile home helped keep Alte Salem's insurance costs down because someone was always able to monitor the property. (Trial Tr. at 13.) The barn was used for storage of Alte Salems'

maintenance tools. (Trial Tr. at 12.) This Court has stated that property must be reasonably necessary for the maintenance of, and not just related to, the exempt purposes of the charitable organization. *See St. Mary's Medical Center v. State Bd. of Tax Comm'rs*, 534 N.E.2d 277, 279 (Ind. Tax Ct.1989), *aff'd*, 571 N.E.2d 1247, 1249 (Ind.1991). The Court finds that the storage of maintenance tools in the barn, along with the uses of the mobile home described above are reasonably necessary for the upkeep of Alte Salems and should be allowed a property tax exemption as well.

## CONCLUSION

The State Board abused its discretion in denying Alte Salems a property tax exemption for the 1990 tax year. The Court finds that Alte Salems used its property predominately for religious, charitable and educational purposes during the 1990 tax year. For the reasons stated above, the Court REVERSES the final determination of the State Board denying Alte Salems a property tax exemption on its church building, mobile home and barn for the 1990 tax year and REMANDS this case with instructions to grant Alte Salems a 100% property tax exemption for the 1990 tax year on its building, mobile home and barn, pursuant to IND.CODE ANN. § 6–1.1–10–36.3(b)(2).