NEW CASTLE LODGE # 147, LOYAL ORDER OF MOOSE, INC.
Petitioner,

v.

STATE BOARD OF TAX COMMISSIONERS,
Respondent.

No. 49T10–9701–TA–113.

Tax Court of Indiana.

Aug. 2, 2000.

---

Steven G. Hedges, Muncie, Indiana, Attorney for Petitioner.

Martha B. Wentworth, Hall, Render, Killian, Heath & Lyman, P.S.C., Indianapolis, Indiana, Amicus Curiae for Petitioner.

Karen M. Freeman–Wilson, Attorney General of Indiana, Ted J. Holaday, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Respondent.

FISHER, J.

■ This case, along with two others also decided today,[1] concerns the applicability

---

1. *Plainfield Elks Lodge No. 2186 v. State Bd. of Tax Comm'rs,* 733 N.E.2d 32 (Ind. Tax Ct. 2000) and *Alte Salems Kirche v. State Bd. of Tax Comm'rs,* 733 N.E.2d 40 (Ind. Tax Ct. 2000).

of the property tax exemption that Indiana grants to charitable, religious and educational organizations. The petitioner New Castle Lodge No. 147, Loyal Order of Moose, Inc. (The Moose) appeals the final determination of the State Board of Tax Commissioners (State Board) denying it a property tax exemption for the 1992 tax year. In its original tax appeal, the Moose raise one issue: Whether the Moose's property was predominately used for charitable purposes under IND.CODE ANN. §§ 6–1.1–10–16(a), 6–1.1–10–36.3(a) (West 2000).[2] For the reasons explained below, the Court finds that the Moose's property was predominately used for charitable purposes.

### FACTS AND PROCEDURAL HISTORY

The Moose is a fraternal organization with a lodge building located in New Castle, Indiana. Prior to 1988, the Moose had received a 100% exemption from property tax from the State Board based on its charitable activities. However, in 1988, the Henry County Board Of Review (BOR) found that the Moose was 100% taxable. Upon appeal, the State Board determined that the Moose should be 67% exempt, citing IND.CODE ANN. § 6–1.1–10–16(a) (West 2000).[3] In 1992, the Moose reapplied for its exemption status, per IND. CODE ANN. § 6–1.1–11–3.5 (West 2000).[4] The BOR determined that the Moose was 100% taxable. Subsequently, the Moose appealed to the State Board on September 14, 1992. On November 27, 1996, the State Board issued its final determination,

upholding the BOR's findings. The Moose then filed its original tax appeal on January 14, 1997. On December 22, 1997, the Court held a trial in this matter and on November 9, 1998, oral arguments were heard from both parties. Additional facts will be supplied where necessary.

### ANALYSIS AND OPINION

#### Standard of Review

■ This Court gives the State Board's decisions great deference when the Board acts within the scope of its authority. *See Bender v. State Bd. of Tax Comm'rs,* 676 N.E.2d 1113, 1114 (Ind. Tax Ct.1997). As such, final determinations by the State Board are only reversed by this Court when the decision is unsupported by substantial evidence, is arbitrary or capricious, constitutes an abuse of discretion, or exceeds statutory authority. *See id.*

#### Discussion

■ The Moose argues that it is entitled to a property tax exemption for the 1992 tax year. The State Board argues that the Moose did not meet the requirements of section 6–1.1–10–36.3(a). Like other tax exemption statutes, this section is strictly construed against the taxpayer. *See Trinity Episcopal Church v. State Bd. of Tax Comm'rs,* 694 N.E.2d 816, 818 (Ind. Tax Ct.1998). However, this provision is not to be construed so narrowly that the legislature's purpose in enacting it is defeated or frustrated. *See id.* Therefore, the proper inquiry into the propriety of an

---

2. The Moose also renew an issue that was originally raised and relied upon at trial. In its motion at trial, the Moose asked this Court to remand the case based on the fact that the BOR failed to act upon the Moose's personal property part of its 1992 application for a property tax exemption. (Trial Tr. at 10.) However, the State Board, in its final determination, considered both the real and personal property belonging to the Moose. (Resp't.Ex. A.) IND.CODE ANN. § 6–1.1–11–3.5(e) (West 2000) gives the State Board the power to review an application for a property

tax exemption at any time. The motion was thus denied. (Trial Tr. at 16–17.) For the same reasons as articulated above, the Court again denies the Moose's motion to remand.

3. IND.CODE ANN. § 6–1.1–10–16(a) states that all or part of a building is exempt from taxation if it is used for charitable, educational or religious purposes.

4. That section requires non-profit corporations like the Moose to apply for exempt status every four years from 1988 onward.

exemption is whether the use of the property furthers exempt purposes. *See id.*

■ The factual aspects of this case closely mirror those of *Plainfield Elks Lodge No. 2186* as well as *Alte Salems Kirche*. In *Plainfield Elks Lodge No. 2186*, 733 N.E.2d at 36, this Court held that the taxpayer was entitled to a partial exemption, while in *Alte Salems Kirche*, 733 N.E.2d at 44, the Court held that the taxpayer was entitled to a 100% exemption.[5] As stated in both the statute and *Plainfield Elks Lodge No. 2186*, the exemption depends upon the property being used more than 50% of the time for charitable purposes. *See* IND.CODE ANN. § 6–1.1–10–36.3(a); *see also Plainfield Elks Lodge No. 2186*, 733 N.E.2d at 34. If this test is met, the property is entitled to an exemption in proportion to the amount of time it was used for charitable purposes. *See* IND.CODE ANN. § 6–1.1–10–36.3(b)(3) (West 2000). In *Plainfield Elks Lodge No. 2186*, the Court found that the combination of the Elks' monetary and in-kind donations to the Plainfield, Indiana community were enough to qualify it for a partial exemption. *See Plainfield Elks Lodge No. 2186*, 733 N.E.2d at 36.

■ Such is the case here as well. At trial, the Moose's Administrator, Mr. Richard Masters (Masters), testified at length about the various charitable activities the Moose conducted during the 1992 tax year. For example, Masters testified that the Moose donated roughly 20,000 hours per year to the community at a value of $10.00 per hour. (Trial Tr. at 21.)[6] In addition, the Moose donated roughly $11,000 in 1992 to Moosehaven, a senior citizens home located in Florida and Mooseheart, a school for orphan children in Illinois.[7] (Trial Tr. at 27, 31, 53.)

The Moose also held euchre tournaments and Bingo nights in order to raise money for the community. (Trial Tr. 34, 37.) As in *Plainfield Elks Lodge No. 2186*, the money raised was used by the Moose to further other community programs. *See Plainfield Elks Lodge No. 2186*, 733 N.E.2d at 35. Other charitable uses included repairing New Castle's tornado sirens, providing food, water and other necessities to victims of Hurricane Andrew and raising money to help pay the medical bills of a Henry County Sheriff's deputy who was shot and wounded while on duty. (Trial Tr. at 25, 39–40.) In order to implement these and other charitable activities, the Moose members would meet at the lodge building for various planning meetings. (Trial Tr. at 42.) However, the building was often utilized by other community organizations as well. (Trial Tr. at 48, 50.)

In denying the exemption, the State Board relied mainly on the fact that the Moose donated 4% of its gross income to charity. In support of this, the State Board cites *Indianapolis Elks Building Corporation v. State Board. of Tax Commissioners*, 145 Ind.App. 522, 539, 251 N.E.2d 673, 683 (1969), where the Court of Appeals held that the taxpayer did not qualify for the exemption when only 3% of its gross income was donated to charity, as well as *State Board of Tax Commissioners v. Fraternal Order of Eagles, Lodge No. 255*, 521 N.E.2d 678, 681 (Ind.1988) where the Indiana Supreme Court held that a taxpayer's contributions were not enough to entitle it to an exemption.

---

5. *Alte Salems Kirche* dealt with IND.CODE ANN. § 6–1.1–36.3(b)(2), which states that if a religious organization uses its property predominately for religious, educational or charitable use, then it is entitled to a 100% exemption.

6. Mr. Masters based these figures on information gleaned from various administrator meetings he attended. (Trial Tr. at 21.)

7. Both of these organizations were supported in part by donations from the Moose. (Trial Tr. 27–28.)

The State Board argues that since a 3% monetary gift is not enough, then 4% must not be as well. However, the State Board's position is incorrect. The determination of an organization's exempt status does not turn on the percentage of its gross income used for charitable, educational or other benevolent purposes. *See Plainfield Elks Lodge No. 2186,* 733 N.E.2d at 36, n. 6. Instead, a building's exempt status turns on whether the property is predominately used for the above-mentioned purposes more than 50% of the time. *See* IND.CODE ANN. § 6–1.1–10–36.3(a).[8]

The State Board also argues that since the Moose used its property partly for social purposes, it is not entitled to the tax exemption. However, the statute contemplates that a charitable organization's property can be used for some social purposes and still receive the exemption. *See* IND.CODE ANN. § 6–1.1–10–36.3(a). The State Board thus abused its discretion by failing to grant the Moose an exemption for the 1992 tax year. The Court finds that the Moose used its property predominately, but not solely for charitable purposes.

## CONCLUSION

For the above-stated reasons, the Court finds that the Moose are entitled to a property tax exemption for the 1992 tax year. This case is REVERSED and REMANDED to the State Board with instructions to conduct further proceedings to determine the exemption allowed by IND.CODE ANN. § 6–1.1–10–36.3(b)(3) for the 1992 tax year.

---

8. Neither the State Board nor the legislature has adopted such a test, and this Court likewise declines to establish such a test. Rather, the law states that in determining whether an organization qualifies for the donation, the whole of that organization's time, money, and other in-kind donations should be considered. *See State Board of Tax Commissioners v. Fraternal Order of Eagles, Lodge No. 255,* 521 N.E.2d at 681 (Ind.1988) (In deciding whether to grant a property tax exemption, an organization's time and monetary contributions should be considered together.); *see also National Ass'n. of Miniature Enthusiasts v. State Bd. of Tax Comm'rs,* 671 N.E.2d 218, 221 (Ind. Tax Ct.1996) (In determining whether property qualifies for an exemption, the predominant and primary use of the property is controlling.); *Plainfield Elks Lodge No. 2186 v. State Board of Tax Comm'rs,* 733 N.E.2d at 35–36.